**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| VERNON E. BELCHER, JR.         ) | |
|                            ) | |
|      *Plaintiff,*        ) | |
|                            ) | |
| v.                        ) | Civil Action No. 1:19-cv-437 (PTG/LRV) |
|                            ) | |
| SUSSEX I STATE PRISON, *et al.,*    ) | |
|                            ) | |
|      *Defendants.*       ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a Renewed Motion for Summary Judgment ("Motion") filed by Defendants Sussex I State Prison ("SISP"), Officer Baines, Officer Ansah, Officer Taylor, Sergeant Dunlevy, Lieutenant Smith, and Lieutenant Brown (collectively, "Defendants"). Dkt. 89. Vernon Belcher, Jr. ("Plaintiff"), a Virginia state prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Defendants, asserting claims of excessive force, deliberate indifference, and due process violations, in addition to pendent state law claims of assault and battery. *See* Dkt. 23 ("Am. Compl."). Separately, Defendant Baines has filed counterclaims against Plaintiff for assault and battery. *See* Dkt. 45 at 6–9.

On March 7, 2024, Defendants filed the instant Motion. Dkt. 89. In doing so, Defendants advised Plaintiff that the Motion could be granted on the basis of the defendants' papers if Plaintiff failed to file a response within twenty-one (21) days of when the Motion was filed. *See* Dkt. 91; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On November 7, 2024, this Court entered an order, notifying Plaintiff that he had twenty-one days (21) days from the filing date of the order to file an opposition to Defendants' Motion. Dkt. 98. The Court's order extended Plaintiff's time to respond to Defendants' Motion. To date, Plaintiff has failed to file a formal

response to Defendants' Motion, and the time to do so has expired.  For the reasons explained below, Defendants' Motion is granted in part and denied in part.

**Factual and Procedural Background**

Plaintiff is, and at all times relevant to this action, a prisoner incarcerated within the Virginia Department of Corrections ("VDOC").  Dkt. 90 ("SUF")[1] ¶ 1.  During the events giving rise to this action, Plaintiff was housed in SISP. *Id.*

On August 15, 2018, Defendants Anash and Baines were conducting laundry exchanges on the housing unit where Plaintiff was confined. *Id.* ¶¶ 3–4.  When Defendants Anash and Baines arrived at Plaintiff's cell, the officers placed Plaintiff in handcuffs to conduct a search of his cell. *Id.* ¶ 4.  At some point after Defendant Baines entered the cell, a physical altercation broke out between him and Plaintiff. *See cf. id.* ¶¶ 5–6; Am. Compl. ¶ 5.

The parties dispute who initiated this physical altercation and the facts of how the altercation unfolded.  In his Amended Complaint, Plaintiff alleges that Defendant Baines initiated the altercation after Plaintiff questioned Baines for throwing his personal belongings on the floor and tossing a photograph of Plaintiff's deceased wife in the toilet. Am. Compl. ¶¶ 3–5.  Plaintiff alleges that Defendant Baines called him a racial slur and then proceeded to punch Plaintiff multiple times in the "face and head area[.]" *Id.* ¶ 5.  Plaintiff further alleges that after punching him in the face, Defendant Baines then picked Plaintiff up by his collar. At this point, Plaintiff alleges that Defendant Anash proceeded to sexually assault him. *Id.* ¶ 7.

In opposition, Defendants assert that it was Plaintiff who initiated the altercation by punching Defendant Baines in the face after refusing to follow the officers' orders to remain

---

[1] "SUF" stands for Statement of Undisputed Fact.  To the extent that any facts are in dispute, such disagreement is noted accordingly.

2

outside of the cell and keep the (loosened) handcuffs on his wrists. *See* Dkt. 90 at 1; *see also* Dkt. 90-1 ("Baines Aff.") ¶ 5. Defendants further assert that Plaintiff was taken to the floor of his cell in an effort to restrain Plaintiff as he continued to struggle with the officers. *See* Dkt. 90 at 1; Baines Aff. ¶ 5; Dkt. 90-6 ("Anash Aff.") ¶ 6.

At some point, other prison officials, including Defendant Taylor and Defendant Dunlevy arrived at the scene. SUF ¶¶ 8–9. Plaintiff alleges that while still being held by Defendant Baines, either Defendants Anash or Taylor sexually assaulted him once again. Am. Compl. ¶ 10. Plaintiff also alleges that Defendant Dunlevy began kicking him without provocation. *Id.* ¶ 11. Defendants dispute that Plaintiff was ever sexually assaulted at any point over the course of the August 15, 2018 incident. *See* Baines Aff. ¶ 8; Anash Aff. ¶ 9; Dkt 90-2 ("Taylor Aff.") ¶ 6.

However, it is undisputed that Defendant Dunlevy, upon entering the cell, administered a burst of OC pepper spray over Plaintiff. SUF ¶ 9. Defendants attest that at the time Defendant Dunlevy administered the OC spray, Plaintiff had not been restrained and was actively resisting efforts to bring him under control. Baines Aff. ¶ 6; Ansah Aff. ¶ 8; Taylor Aff. ¶ 5; Dkt. 90-5 ("Dunlevy Aff.") ¶ 4. Plaintiff was then placed in ambulatory restraints, removed from his cell, and taken to the shower for decontamination. *See* SUF ¶¶ 11–12; *see also* Dkt. 90-11 ("Surveillance Video") at 25:32–50. Then, "at approximately 10:05 a.m., a nurse assessed Plaintiff for injuries" before he was once again placed in ambulatory restraints and returned to his cell. SUF ¶¶ 13, 14; *see also* Dkt. 90-9 ("Incident Report") at 1. Later that afternoon, the ambulatory restraints were removed from Plaintiff, and he received further medical examination. *See* SUF ¶¶ 18–19; Incident Report at 1.

The following afternoon, Plaintiff made a complaint with SISP's institutional investigator alleging that he was sexually assaulted during the incident from the prior day. SUF ¶ 20. Plaintiff

was transferred to VCU Health for an assessment before being returned to SISP. *Id.* ¶ 21. Based on the surveillance video, witness statements, and other information, the institutional investigator determined that Plaintiff's allegations were unsubstantiated. Dkt. 90-10 at 2. The allegations were then investigated by the VDOC's Special Investigations Unit ("SIU"). *Id.*; *see also* SUF ¶ 22. "The SIU report was referred to the Sussex County Office of the Commonwealth's Attorney who declined to initiate any criminal charges" in the matter. SUF ¶ 22.

On August 30, 2018, during the interim period of the SIU investigation, Plaintiff filed an informal complaint with SISP's grievance office. *Id.* ¶ 28. Plaintiff did not file any other grievance report. *See id.* ¶ 30. Rather, on March 7, 2019, Plaintiff initiated this civil action. Dkt. 1. On June 27, 2019, Plaintiff amended his Complaint, which is the operative pleading. Am. Compl. Plaintiff filed this Amended Complaint as a verified complaint, attesting that the information contained within it is true and correct to the best of Plaintiff's belief and knowledge. *Id.* at 19. On March 7, 2024, Defendants filed the instant Motion. Dkt. 89.

## Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists if "after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). Once the moving party has successfully demonstrated the absence of a genuine dispute of material fact, the non-moving party must "come forward with specific facts," rather than just "metaphysical doubt[s]" or conclusory allegations, that prove that there is a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citation omitted); *see also Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d

4

1027, 1037 (4th Cir. 2020) (stating that conclusory assertions and denials are not sufficient to preclude granting a summary judgment motion). A party survives summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

In evaluating a motion for summary judgment, the court must "draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion." *Thompson Everett, Inc. v. Nat'l Cable Advert., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995) (citation omitted). That being said, "those inferences must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *Id.*

### Analysis

As an initial matter, the Court again notes the fact that while Plaintiff has failed to file a formal response to Defendants' Motion, his Amended Complaint is nevertheless a sworn pleading. Am. Compl. at 19. As such, the Court will treat the Amended Complaint as an opposing affidavit for the purposes of considering the pending motion for summary judgment. *See Germain v. Shearin*, 725 F. App'x 225, 226 (4th Cir. 2018) ("A verified complaint contains a sworn statement indicating its contents are true and may be treated as an affidavit."). With this in mind, the Court turns to the merits of Defendants' Motion.

**A. Exhaustion of Administrative Remedies**

Defendants, in part, argue that they are entitled to summary judgment as to Plaintiff's excessive force, deliberate indifference, and due process claims because Plaintiff failed to properly exhaust his available administrative remedies prior to initiating this civil action. Dkt. 90 at 13.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o claim shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(a). The Supreme Court had held that "the PLRA's exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Id.* at 90. In other words, "to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (quoting *Woodford*, 548 U.S. at 88). Failure to do so warrants dismissal of the prisoner's claims. *See id.* at 728–30.

Defendants argue that Plaintiff failed to properly exhaust his available administrative remedies because although he submitted an informal complaint, "he never submitted a regular grievance, much less a grievance that was accepted at intake and appealed through all levels of administrative review." Dkt. 90 at 13. Defendants contend that because "Plaintiff did not substantively pursue his claims through all levels of administrative review" prior to filing the instant lawsuit, his federal claims are barred from consideration. *Id.* The Court agrees.

The VDOC has an institutional grievance process governed by Operating Procedure ("OP") 866.1. SUF ¶ 23; Dkt. 90-8 ("Witt Aff.") ¶ 4. The standard grievance process is as follows: (1)

6

the prisoner files an informal complaint, either verbal or written; (2) if the prisoner is not satisfied with the response to the informal complaint or staff does not provide a response to a written complaint within 15 days, the prisoner then files a regular grievance, which must be submitted within 30 days of the original incident or discovery of the incident; and (3) if the grievance is not resolved to the prisoner's satisfaction, the prisoner may appeal. Witt Aff. ¶ 8; Dkt. 90-8, Ex. A ("OP 866.1") at 6–9 (effective July 1, 2016). The exhaustion provision of OP 866.1 in effect during the relevant period expressly provided that a prisoner "meets the exhaustion of remedies requirements [for judicial relief] only when a Regular Grievance has been carried through the highest eligible level of appeal[.]" OP 866.1 at 6.

Here, on August 30, 2018, Plaintiff submitted an informal complaint alleging that Defendants Baines and Anash assaulted him during the August 15, 2018 incident. *See* Witt Aff. ¶ 12; Dkt. 23-1 at 1. However, the record indicates that Plaintiff failed to properly submit a regular grievance regarding the incident. *See* Witt Aff. ¶ 14; Dkt. 90-8, Ex. C (Plaintiff's grievance file, dating from August 1, 2018 to June 6, 2021). The Court notes that as an exhibit to his Amended Complaint, Plaintiff attached a handwritten regular grievance form dated May 7, 2019. Dkt. 23-1 at 2. However, unlike the informal complaint, this grievance form is not marked as having been received by SISP's grievance office. *See id.*; *see also* Witt Aff. ¶ 14 (stating that SISP "does not have any records of having received this grievance, much less having accepted the grievance and then having processed it through all available levels of administrative review."). Even if Plaintiff has submitted this grievance form to the grievance office, because the form was dated May 7, 2019, more than nine months after the aggrieved incident, Plaintiff failed to comply with the OP 866.1's procedural requirement regarding the timely submission of regular grievances. Finally,

there is no indication that prior to filing this lawsuit, Plaintiff appealed any unsatisfactory response to his grievance "through the highest eligible level of [the] appeal [process.]" OP 866.1 at 6.

In short, filing a regular grievance and, thereafter, proceeding with the administrative review process, was a necessary step for Plaintiff to take before pursuing this federal civil action. Though there was an SIU investigation, there is nothing in the record that supports finding that such an investigation could serve as a substitute for complying with VDOC's grievance process, nor does Plaintiff make such a claim. Thus, in failing to file a regular grievance, Plaintiff failed to properly exhaust his available administrative remedies with respect to his excessive force, deliberate indifference, and due process claims. Accordingly, Defendants are entitled to summary judgment as to these claims.

## B. Plaintiff's Pendent State Law Claims and Defendant Baines Counterclaims

Plaintiff also asserts pendent state-law claims of assault and battery against Defendants Baines, Ansah, Taylor, and Dunlevy. *See* Am. Compl. at 17. As noted earlier, Defendant Baines has filed his own claims of assault and battery against Plaintiff. Dkt. 45 at 6–9.

Under Virginia law, an assault is "an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003). Battery is "an unwanted touching which is neither consented to, excused, nor justified[.]" *Id.* "A legal justification for the act being complained of will defeat an assault or battery claim." *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009). Thus, to prevail on claims of assault and battery, a party must be able to demonstrate that the opposing party engaged in a "wrongful act" that "lack[s] of justification or excuse." *McLenagan v. Karnes*, 27 F.3d 1002, 1009 (4th Cir. 1994).

8

In their Motion, Defendants contend that they are entitled to summary judgment as to Plaintiff's assault claim because "by virtue of their employment as corrections officers, and as a part of their job," their actions of placing Plaintiff on the ground, using ambulatory restraints, and administering OC spray were done with the "intent to restore order to the facility[,]" rather than with the intent of inflicting bodily harm or placing Plaintiff in fear or apprehension of said harm. Dkt. 90 at 23. As to their claim for battery, Defendants do not dispute the fact that Defendants Baines and Taylor had touched Plaintiff, but argue that such touching was not unlawful because, as a part of their job, they touched Plaintiff "in order to bring the noncompliant [prisoner] under control." *Id.* Then, with respect to Defendant Baines' counterclaims, Defendants assert that Defendant Baines is entitled to summary judgment because Plaintiff struck him in the face without provocation. *Id.*

Virginia law does recognize that law enforcement officials "are legally justified in using reasonable force to execute their lawful duties." *Unus*, 565 F.3d at 117 (citing *Pike v. Eubank*, 90 S.E.2d 821 (Va. 1956)). The Court, however, finds that there is a genuine dispute of material fact as to the opposing assault and battery claims, and whether the officers' use of force was reasonable.

To support their Motion, Defendants primarily rely upon their sworn affidavits. However, the claims in their affidavits stand in stark contrast to those contained in Plaintiff's sworn Amended Complaint. For instance, in their affidavits, both Defendants Baines and Anash attest that, without provocation, Plaintiff struck Defendant Baines in the chin. Baines ¶ 5; Anash Aff. ¶ 6. However, in the Amended Complaint, Plaintiff claims the opposite to be true and alleges that it was Officer Baines who first struck him, without any provocation or reasoning. *See* Am. Compl. ¶ 5. Similarly, there is a dispute as to whether Plaintiff was restrained at the time that Defendant Dunlevy administered the OC Spray. *Compare id.* ¶ 11 (contending that Plaintiff was restrained with

9

handcuffs and shackles when Defendant Dunley used the OC spray) *with* Dunlevy Aff. ¶ 4 ("Because Belcher was unrestrained and actively struggling with two officers, I administered a single, ½ second to 1 second burst of OC spray in the direction of [O]ffender Belcher."). Further, while Defendants dispute Plaintiff's assertion that he was sexually assaulted during the August 15, 2018 incident, Plaintiff's verified Complaint describes in detail the sexual assault Plaintiff claims he experienced. *See* Am. Compl. ¶¶ 7, 9.

To further support their motion for summary judgment, Defendants have proffered a surveillance video from the day of the August 15, 2018 incident. Dkt. 90-11. However, this surveillance video does not provide uncontroverted evidence of the events in question that give rise to both Plaintiff's state-law claims and Defendant Baines' counterclaims. The surveillance video captures what occurred outside of Plaintiff's cell and does not provide any clear visual of what happened inside of the cell. *See* Surveillance Video at 17:35–26:30. Accordingly, without a clear visual of the events that unfolded within Plaintiff's cell, the surveillance video proffered by Defendants does not support finding that there is an absence of a genuine dispute of material facts as to the opposing assault and battery claims. *See also Simmons v. Whitaker*, 106 F.4th 379, 385 (4th Cir. 2024) (providing that, "at the summary judgment stage, video evidence can only discredit a nonmovant's factual assertions if the video 'blatantly' contradicts the nonmovant's position.") (citation omitted)).

Nor does the fact that a prison investigation found Plaintiff's allegations to be unsubstantiated support the absence of a genuine dispute of material fact. *See* Dkt. 90-10 at 2 (noting that SISP completed an internal investigation into Plaintiff's allegations and determined that the allegations were substantiated and that "the investigation produced insufficient evidence to make a final determination as to whether or not the event occurred."). Ultimately, in evaluating

a motion for summary judgment, a court must not "weigh the evidence or make credibility determinations." *Wilson v. Prince George's Cnty.*, 893 F.3d 213, 218 (4th Cir. 2018). Rather, as noted earlier, the court must decide whether as a matter of law, the movant is entitled to judgment. Fed. R. Civ. P. 56(a). Here, the Court finds that in light of the opposing affidavits, there are genuine disputes of material facts as to the parties' respective assault and battery claims. Accordingly, the Court finds that Defendants are not entitled to summary judgment for these claims and will deny their Motion as to these claims.

### Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Renewed Motion for Summary Judgment (Dkt. 89) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** with respect to Plaintiff's 42 U.S.C. § 1983 claims for excessive force, deliberate indifference, and due process violations. The Motion is **DENIED** with respect to Plaintiff's state-law claims and Defendant Baines' counterclaims; and it is further

**ORDERED** that the parties confer within thirty (30) days regarding settlement of the remaining claims and counterclaims. Before the end of this period, the parties are to advise the Court whether they have reached a settlement. If they have not, this matter will be referred to Magistrate Judge Vaala for a settlement conference.

This is not a final Order for purposes of appeal.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Plaintiff Vernon Belcher, Jr., proceeding *pro se*, and to counsel of record.

Entered this 3rd day of January, 2025
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge

11